PATRICIA J. RYNN, State Bar No. 092048
RYAN MAUGHAN, State Bar No. 293496
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911

Attorneys for Plaintiff
FRESHKO PRODUCE SERVICES, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>A.L.L. GROUPS, INC., a California corporation d/b/a VIC'S DISCOUNT MARKET and d/b/a VIC'S Market; J&S PARTNERS, JAGJIT S. SAINI, an individual; SUKHPREET K. SAINI, an individual; ASHWANI KUMAR MAYER, an individual,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br><br>1.　BREACH OF CONTRACT;<br>2.　ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;<br>3.　VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;<br>4.　BREACH OF FIDUCIARY DUTY;<br>5.　UNJUST ENRICHMENT;<br>6.　DECLARATORY RELIEF;<br>7.　ENFORCEMENT OF PERSONAL GUARANTY;<br>7.　ATTORNEYS' FEES, COSTS, FINANCE CHARGES AND/OR INTEREST |

　　　Plaintiff, FRESHKO PRODUCE SERVICES, INC. ("Plaintiff" or "FRESHKO") complains and alleges as follows:

# I.

# THE PARTIES

1. Plaintiff FRESHKO is, and at all times mentioned herein, was a corporation organized and doing business under the laws of the State of California with its principal place of business located in the City of Fresno, State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant A.L.L. GROUPS, INC. is, and during all times mentioned herein, was a corporation also doing business as VIC'S DISCOUNT MARKET and/or as VIC'S MARKET ("VIC'S"), having its principal place of business located at 5820 South Land Park Drive, Sacramento, California 95822.

3. Plaintiff is informed and believes that Defendant ASHWANI KUMAR MAYER is and at all times has been the President, CFO and Shareholder of Defendant, A.L.L. GROUPS, INC. (hereafter "AGI") and its Agent for Service of Process as reflected on the corporate records maintained by the California Secretary of State and the liquor license [No. 530484] maintained by Defendant AGI, a co-owner of VIC'S DISCOUNT MARKET and/or VIC'S MARKET. Plaintiff further asserts that Defendant AGI exerted control over the operations of VIC'S DISCOUNT MARKET and/or VIC'S MARKET.

4. Plaintiff is informed and believes that Defendant J & S PARTNERS ("JSP") is a California General Partnership [Federal ID # 26-0803901], composed of Defendants and partners JAGJIT S. SAINI and SUKHPREET K. SAINI, and that JSP is a co-owner of VIC'S DISCOUNT MARKET and/or VIC'S MARKET.

5. Plaintiff is informed and believes and thereon alleges that Defendant JAGJIT S. SAINI ("JSS") is an individual who during all times herein mentioned maintained a principal place of business located at VIC'S MARKET, 5820 South Land Park Drive, Sacramento, California 95822-3311 and that JSS exerted control over the operations of VIC'S DISCOUNT MARKET and/or VIC'S MARKET. Defendant JSS also executed a continuing personal guaranty for all payment obligations Defendants

owed or will owe to Plaintiff FRESHKO PRODUCE SERVICES, INC. ("FRESHKO") on or after February 24, 2009. Under said guaranty, JSS agreed and guaranteed to pay all of VIC'S payment obligations to FRESHKO including late fees in the amount of 1.5% per month (18% per annum) applicable to any delinquent balances as well as attorney's fees incurred by FRESHKO in collecting the balance due to it should such assistance become necessary.

6. Plaintiff is informed and believes and thereon alleges that Defendant SUKHPREET K. SAINI ("SKS") is an individual who during all times herein mentioned maintained a principal place of business located at VIC'S MARKET, 5820 South Land Park Drive, Sacramento, California 95822-3311 and that SKS exerted control over the operations of VIC'S DISCOUNT MARKET and/or VIC'S MARKET.

7. Plaintiff is informed and believes and thereon alleges that Defendant ASHWANI KUMAR MAYER ("AKM") is an individual who during all times herein mentioned maintained a principal place of business located at VIC'S MARKET, 5820 South Land Park Drive, Sacramento, California 95822-3311 and that AKM exerted control over the operations of VIC'S DISCOUNT MARKET and/or VIC'S MARKET.

8. AKM, JSS, and SKS will sometimes be collectively referred to herein as the "Individual Defendants."

9. AGI, JSP, VIC'S and the Individual Defendants will sometimes collectively be referred to herein as "Defendants."

10. Plaintiff is informed and believes and thereon alleges that during all times relevant herein the Individual Defendants were officers, directors, and/or shareholders of VIC'S and were insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during all times herein were responsible for the daily management and control of VIC'S.

11. Plaintiff is further informed and believes and thereon further alleges that the Individual Defendants during all times herein mentioned controlled or were in positions to control the PACA trust assets which are the subject of this lawsuit and are and during

all times herein were statutory trustees of the PACA trust assets that are the subject of this complaint.

12.     Plaintiff is further informed and believes and thereon further alleges that during all times herein the Defendants VIC'S and the Individual Defendants, and each of them, were operating subject to license as a dealer or retailer under the PACA [7 U.S.C.§499(a) *et seq*.], with actual and/or constructive knowledge of the PACA trust.

## II.

## JURISDICTION AND VENUE

13.     This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. 1367(a).

14.     Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## III.

## FIRST CAUSE OF ACTION

**(Breach of Contract Against Defendant VIC'S)**

15.     Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16.     At all times relevant herein, Defendant VIC'S was engaged in the handling of produce in or in contemplation of interstate commerce as a dealer and/or retailer, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

17.     Between on or about September 24, 2014 and December 8, 2014, Plaintiff sold and shipped perishable agricultural commodities to Defendant VIC'S, at said Defendant's request, in a series of transactions for which Defendant VIC'S agreed to pay principal amounts cumulatively totaling at least $33,268.60. Such commodities were

shipped to Defendant's business located in Sacramento, California and received and accepted by Defendant without objection.

18. On or about the date of each of the series of transactions described at paragraph 15, above, Plaintiff forwarded to Defendant VIC'S an invoice setting forth in detail the amounts due for the agricultural commodities ordered by and sold to Defendant by Plaintiff for each of the said transactions under which Defendant purchased such commodities.

19. Plaintiff has repeatedly demanded that Defendant VIC'S pay the amounts due and owing under the invoices, cumulatively totaling at least $33,268.60, as separately set forth above. However, Defendant has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by Defendant VIC'S.

20. Plaintiff is informed and believes that Defendant VIC'S has purchased "wholesale and jobbing" quantities in "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. §46.2(x).

21. Plaintiff has performed all conditions, covenants and obligations required to be performed by them under the agreements for sale of produce as set forth herein.

22. As a direct and proximate result of the failure of Defendant VIC'S to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative losses in the amount of at least $33,268.60, as separately set forth above, plus recoverable attorney's fees and finance charges pursuant to written agreements between the parties.

## IV.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

23. Plaintiff hereby incorporates by this reference paragraphs 1 through 22, and reasserts such allegations as though fully set forth herein.

24. At all times relevant herein, Plaintiff was subject to license under the PACA and was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)]. See also 7 C.F.R. § 46.2(m).

25. At all times relevant herein, Defendants and each of them were engaged in the purchasing and selling of produce in wholesale and jobbing quantities as dealers and/or retailers. As such, Defendants, and each of them, were operating subject to PACA and its rules and regulations, including the PACA trust provisions set forth at 7 U.S.C. §499e, et seq.

26. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

27. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff performed and fulfilled all duties required to preserve Plaintiff's PACA trust benefits in the principal amount of at least $33,268.60, all of which remains past due and unpaid.

28. The PACA trust requires Defendants, as statutory PACA trustees, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff all in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached Defendants' fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA, Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

29. Plaintiff is informed and believes, and upon that basis alleges that during times relevant herein and continuing, Defendants, and each of them, dissipated or

diverted the trust assets, namely receivables or proceeds derived from the sale of produce to Defendants' own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)]. The statutory trust created by PACA unequivocally gives priority to Plaintiff's rights in all inventories of commodities, food products derived from such perishable agricultural commodities, and any receivables or sales proceeds realized from the sale of such commodities which are to be held by Defendants for the benefit of Plaintiff.

30. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the principal loss of at least $33,268.60, plus late fees and attorneys' fees all of which qualifies for protection under the PACA trust, in net produce sales due and owing to Plaintiff and wrongfully withheld from Plaintiff or wrongfully diverted by the Defendants.

## V.

## THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act:  Failure To Pay Promptly and in Full Against All Defendants)**

31. Plaintiff hereby incorporates by this reference paragraphs 1 through 30 of this Complaint, inclusive, as though fully asserted and set forth herein.

32. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, totaling $33,268.60, plus contractual late fees and attorney's fees for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to make full payment of the balance due to Plaintiff for those transactions. In addition, Defendants issued checks for some of the produce received which were returned NSF for insufficient funds. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached Defendants' duty to pay promptly and in full for the produce sold to it, and have dissipated or diverted PACA trust assets, all in violation of the provisions of the

Perishable Agricultural Commodities Act of 1930 ("PACA") as amended, 7 U.S.C. §499(e) and corresponding regulations issued by the Secretary of Agriculture [7 C.F.R. §46.46].

33. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of at least the principal balance due of $33,268.60 for produce delivered and accepted by Defendants, together with contractual late fees and attorneys' fees incurred all of which are due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants.

## VI.

## FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty – As Against the Individual Defendants)**

34. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. Plaintiff is informed, believes and thereon alleges that at all times relevant herein in connection with this action, the Individual Defendants were controlling officers, directors, members, and/or shareholders or owners of the corporate and partnership shareholders of Defendant VIC'S.

36. As the controlling officers, directors, members and/or shareholders of Defendant VIC'S, the Individual Defendants had a duty to ensure that VIC'S fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as the payments owed to Plaintiff, as those obligations became due.

37. Plaintiff is informed, believes and thereon alleges that the Individual Defendants had full knowledge and responsibility for the handling of VIC'S duties as trustees of the PACA trust.

38. Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had a duty to control VIC'S operations and financial dealings,

15-101/Complaint (Final)    8

including those involving the PACA Trust Assets.

39. Plaintiff is informed, believes and thereon alleges that VIC'S breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

40. Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to direct VIC'S to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the produce Plaintiff supplied to VIC'S.

41. As a direct and proximate cause and result of the Individual Defendants' breach of fiduciary duty, Plaintiff has incurred damages in the amount of $33,268.60 plus recoverable finance charges, attorneys' fees and costs, all of which qualify for protection under the PACA trust.

42. As statutory PACA trustees, each of the Individual Defendants controlled or had the ability to control the day-to-day operations of Defendant and each are therefore personally liable to Plaintiff for the breach of their fiduciary duties owed to Plaintiff as trustees to prevent the dissipation of the PACA trust and failure to pay Plaintiff the principal balance of $33,268.60 due it plus, recoverable finance charges, interest, attorneys' fees and costs.

## VII.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment - As Against All Defendants)

43. Plaintiff hereby incorporates by this reference the allegations contained in paragraphs 1 through 42 of this Complaint and reasserts such allegations as though fully set forth herein.

44. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the sales proceeds received therefrom, valued in the amount of at least $33,268.60.

45. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

46. As a direct and proximate result of the wrongful conversion or retention of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $33,268.60, plus contractual late fees on such amount at the rate of 1.5% per month (18% per annum), plus attorneys' fees and costs, all of which qualify for protection under the PACA trust.

## VIII.

## SIXTH CAUSE OF ACTION

**(For Declaratory Relief - As Against All Defendants)**

47. Plaintiff hereby incorporates by this reference paragraphs 1 through 46 of this Complaint and reasserts the allegations contained therein as though fully set forth herein.

48. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

49. Plaintiff seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

50. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants

under 11 U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## IX.

## SEVENTH CAUSE OF ACTION

### (Enforcement of Continuing Personal Guaranty – Against Defendant JAGJIT S. SAINI)

51.    Plaintiff hereby incorporates by this reference the allegations contained in paragraphs 1 through 50 of this Complaint and reasserts them as though fully set forth herein.

52.    On February 24, 2009, Defendant JAGJIT S. SAINI executed a Continuing Guaranty in favor of Plaintiff FRESHKO as a condition of FRESHKO'S agreement to grant Defendants VIC'S and J&S Partners credit for produce purchases.

53.    Defendants VIC'S and J&S Partners and A.L.L. GROUPS, INC. have all failed to pay at least $33,268.60, as well as contractual late fees and legal fees, to Plaintiff for produce purchases made for VIC'S.

54.    Plaintiff is entitled to a judgment against Defendant JAGJIT S. SAINI for the full amount of $33,268.60 due to Plaintiff, including late fees and attorneys' fees, pursuant to the written personal guaranty he provided to Plaintiff in February of 2009. Said Guaranty is a continuing one by its own terms and has never been terminated.

/ / / /

/ / / /

/ / / /

## X.

## EIGHTH CAUSE OF ACTION

(**For Attorneys' Fees, Costs and Finance Charges and/or Interest on Unpaid Balance Owed - Against All Defendants**)

55. Plaintiff hereby reasserts and incorporates by this reference the allegations contained in paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

57. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

58. As a further result of the failure of Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

59. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

60. Pursuant to the Credit application and Continuing Guaranty signed by Defendants, Defendants and each of them are contractually obligated to pay Plaintiff a finance charge or late fee at the rate of 1.5% per month (18% per annum) on all unpaid invoices owed to Plaintiff from the date payment was due until paid in full. These terms, were bargained-for by the parties at the time they entered into a business relationship, and the accrued late fees are sums owing in connection with the produce sales that are the subject of this action. Applying the 18% interest rate to the principal balance of $33,269.60, Plaintiff is entitled to finance charges at the rate of $16.40 per day and continuing until Judgment is entered by this Court.

15-101/Complaint (Final)         12

61. Plaintiff is also entitled to the recovery of its attorneys' fees and costs, by virtue of the written credit application submitted by Defendants to Plaintiff as well as the terms set forth on Plaintiff's invoices, which are sums owing in connection with the produce sales that are the subject of this action. As of the date of this complaint, Plaintiff has accrued $1,935.00 in attorneys' fees, and will continue to accrue attorneys' as this matter is adjudicated.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach of Contract – As Against VIC'S)

1. For damages in the amount of $33,268.60 as against Defendant VIC'S in the amount set forth herein as to Plaintiff; and,

2. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA – As Against All Defendants)

1. For an order requiring Defendants and each of them to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $33,268.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to Plaintiff; and,

2. For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly – As Against All Defendants)

1. For damages in the amount of $33,268.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to each Plaintiff; and,

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $33,268.60 as against Defendants, jointly and severally, in the amounts separately set forth herein as to Plaintiff; and,

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

3.　For such other and further relief as the court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty as Against the Individual Defendants)

1.　For judgment against the Individual Defendants and in favor of the Plaintiff in the amount of $33,268.60; and,

2.　For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment - As against all Defendants)

1.　For damages in the principal amount of $33,268.60; and,

2.　For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief -As against all Defendants)

1.　For a declaratory judgment establishing that:

(a)　The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)　The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)　Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.　For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the principal sum of at least $33,268.60; and

3.　For such other and further relief as this Court deems proper.

/ / / /

/ / / /

/ / / /

## SEVENTH CAUSE OF ACTION

**(Enforcement of Continuing Personal Guaranty – As Against Defendant JAGJIT S. SAINI)**

1. For damages in the amount of $33,268.60 as against Defendant Jagjit S. Saini; and,

2. For such other and further relief as this Court deems proper.

## EIGHTH CAUSE OF ACTION

**(For Attorneys Fees, Costs, Finance Charges and/or Interest – As Against All Defendants)**

1. For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate, from the date the obligation became due and payable to Plaintiff until fully paid as separately alleged above, until all principal sums are fully paid;

2. For reasonable attorneys' fees and costs of suit incurred herein in an amount at least as great as $1,935.00; and,

3. For such other and further relief as this Court deems proper.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: January 27, 2015      By:   /s/ Ryan L. Maughan
RYAN L. MAUGHAN, Attorneys for
FRESHKO PRODUCE SERVICES, INC.

15-101/Complaint (Final)               15