UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., | No. 2:15-cv-00234 KJM AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| A.L.L. GROUPS, INC., et al., | |
| Defendants. | |

On June 17, 2015, the court held a hearing on plaintiff's motion for default judgment. Bart Botta appeared on behalf of plaintiff. Defendants failed to appear. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Plaintiff filed its complaint alleging violation of the Perishable Agricultural Commodities Act ("PACA"), 7. U.S.C. § 499e, *et seq.*, breach of contract, breach of fiduciary duty, and unjust enrichment against A.L.L. Groups, Inc., J&S Partners, Jagjit Singh Saini, Sukhpreet Kaur Saini, and Ashwani Kumar Mayer on January 27, 2015.[1]  ECF No. 1. On February 18, 2015, plaintiff filed proofs of service for defendants. ECF Nos. 5, 6. Plaintiff properly served defendants on

---

[1] Plaintiff voluntarily dismissed J&S Partners, Jagjit Singh Saini, and Sukhpreet Kaur Saini as defendants on February 18, 2015. ECF No. 7.

1

January 29, 2015, by personal service at 5802 South Land Park Drive, Sacramento, CA 95822. Id. On February 27, 2015, plaintiff moved for default to be entered against defendants. ECF No. 8. The clerk of the court granted plaintiff's motion and entered default against defendants on March 2, 2015. ECF No. 9. On May 7, 2015, plaintiff moved for default judgment. ECF No. 12.

LEGAL STANDARDS

I.   Motion for Default Judgement

It is within the sound discretion of the district court to grant or deny an application for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

II.   Perishable Agricultural Commodities Act ("PACA")

Under PACA, it is unlawful for any commission merchant, dealer, or broker to "fail or refuse truly and correctly to account and make full payment in respect of any transaction in any [perishable commodity] to the person with whom such transaction is had . . . or to fail to maintain the trust as required." 7 U.S.C. § 499b(4). A trustee must hold any commodities and receivables,

or proceeds from the sale of the commodities, in trust for the benefit of all unpaid suppliers or sellers until full payment of the amount owed has been received. 7 U.S.C. § 499e(c). To establish a claim under PACA, a plaintiff must allege that:

> (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

Beachside Produce, LLC v. Flemming Enterprises, LLC, No. C 06-04957 JW, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007) (citing 7 U.S.C. § 499e(c)(3),(4); 7 C.F.R. § 46.46(c), (f)). In addition, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997).

## DISCUSSION

I.  The Eitel Factors

    A.  Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. If the plaintiff would indeed be prejudiced, the first Eitel factor considers whether that potential prejudice justifies the granting of a default judgment. Id. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

    B.  Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

Given the close relationship between the merits of plaintiff's substantive claims and the sufficiency of the complaint the court will discuss these factors jointly. Effectively, factors two and three amount to a requirement that the allegations in the complaint be sufficient to state a

claim that supports the relief sought.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Plaintiff seeks entry of default judgment on its claim for violation of PACA, 7 U.S.C. § 499e, *et seq.*  Because default has been entered against defendants, plaintiff's factual assertions are taken as true.  Tele Video Systems, Inc., 826 F.2d at 917–18.  Plaintiff alleges that it sold perishable agricultural commodities to defendants in contemplation of interstate commerce.  ECF No. 1 at 6.  In addition, plaintiff alleges that defendants are merchants who have yet to pay plaintiff for the produce sold.  Id.  Finally, the exhibits plaintiff attaches to its motion for default judgment establish that its invoices to defendants included notice of its intention to preserve its rights under PACA.  See, e.g., ECF No. 12 at 9.  Accordingly, plaintiff alleges facts sufficient to state a claim for violation of PACA against defendant A.L.L. Groups, Inc.

Plaintiff also alleges that defendant Mayer had a duty to maintain his business's PACA trust assets and that he failed to do so in violation of the statute.  ECF No. 1 at 8.  Specifically, plaintiff states in its motion for default judgment that defendant Mayer diverted proceeds from the sale of plaintiff's produce to himself in violation of his duties as a trustee.  ECF No. 12-4 at 4.  These factual allegations are sufficient to establish that defendant Mayer was in control of the PACA trust and failed to preserve its assets.  See Sunkist Growers, Inc., 104 F.3d at 283.  Accordingly, the court finds that plaintiff has alleged facts sufficient to state a claim for violation of PACA against defendant Mayer.

        C.      Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, plaintiff seeks damages of $33,268.60 for the full value of the delivered produce.  In addition, plaintiff seeks pre-judgment interest of $3,597.38 through June 17, 2015, as well as post-judgment interest on the principle balance at the rate of 18% per annum or $16.40 per day.  Finally, plaintiff seeks attorney's fees and costs totaling $14,241.86.

////

Given the substantial amount of money at stake, this factor could weigh against the entry of default judgment. However, awards of similar amounts are quite common in PACA cases. See, e.g., Church Bros., LLC v. Garden of Eden Produce, LLC, No. 5:11-CV-04114 EJD, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) (granting a motion for default judgment requesting $173,942.50 in principal balance, $20,469.52 in attorney's fees and costs, and pre-judgement interest); Paramount Citrus Co-op., Inc. v. H & M Produce Inc., No. 1:08-CV-01210AWISMS, 2008 WL 4716764, at *5 (E.D. Cal. Oct. 24, 2008), report and recommendation adopted, No. 1:08CV01210-AWI-SMS, 2008 WL 5389711 (E.D. Cal. Dec. 24, 2008) (recommending that a motion for default judgment requesting a principal amount of $28,826.50, 2,585.00 in attorney's fees and costs, and pre- and post-judgment interest be granted). Accordingly, the court finds that this factor does not weigh against granting default judgment.

  D. <u>Factor Five: The Possibility of a Dispute Concerning Material Facts</u>

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its statutory claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the amended complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

  E. <u>Factor Six: Whether the Default Was Due to Excusable Neglect</u>

The court also finds that defendants' default was not the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff personally served the defendants with the summons and amended complaint. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants have failed to participate in this action. Thus, the record suggests that defendants have chosen not to defend this action, and not that the default resulted

from any excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

F.    Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010); ACS Recovery Servs., Inc. v. Kaplan, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished).  Accordingly, the court will recommend that default judgment be entered against defendants despite the fact that this factor weighs against doing so.

II.    Terms of Judgment

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered.  Plaintiff has established with its complaint, motion for default judgment, and declarations and exhibits attached thereto that it is entitled to the full value of the delivered produce, or $33,268.60.

Plaintiff is also entitled to pre-judgment interest.  Pursuant to Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1225–26 (9th Cir. 2002), prejudgment interest may be included in a PACA trust claim if supported by a contractual right.  Here, the invoices attached to plaintiff's motion for default judgment state, in pertinent part: "A finance charge calculated at the rate of 1½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts."  See, e.g., ECF No. 12-3 at 57.  Although interest normally accrues at the legal rate, the interest rate of 18% on unpaid accounts agreed to by the parties in the contract created by the invoices is the correct rate to apply to these transactions.  Thus, plaintiff is entitled to prejudgment interest of $3,597.38 through June 17, 2015, plus $16.40 per day up until the time that judgment is entered.  See ECF No. 12-2 at 5.

////

6

Plaintiff also seeks post-judgment interest at the rate of 18% per annum, or $16.40 per day.  ECF No. 12-4 at 6.  However, the court finds that the parties' invoices do not constitute clear evidence of an agreement governing post-judgment interest.[2]  Because plaintiff has not set forth sufficient evidence to support its request for post-judgement interest at the rate of 18% per annum, plaintiff is entitled to post-judgment interest calculated at the federal rate pursuant to 28 U.S.C. § 1961.[3]

Finally, plaintiff may recover attorney's fees and costs based on the contract created by the invoices.  Each invoice states that "[s]hould any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract or the interpretation of this contract, the prevailing party in such action shall be entitled to . . . an award for the actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action."  See, e.g., ECF No. 12-3 at 57.  That language is sufficient to support Plaintiff's request.  See Sequoia Sales, Inc. v. P.Y. Produce, LLC, No. CV 10-5757 CW NJV, 2011 WL 3607242, at *7–8 (N.D. Cal. July 29, 2011) report and recommendation adopted, No. C 10-5757 CW, 2011 WL 3585943 (N.D. Cal. Aug. 15, 2011) (citing Middle Mountain Land and Produce Inc., 307 F.3d at 1225).

Moreover, having reviewed the billing statements provided by plaintiff's counsel, the court finds the amount requested – $12,846.50 – reasonable for the time and skill necessary for this case.[4]  See Paramount Citrus Co-op., Inc. v. H & M Produce Inc., No. 1:08-CV-01210AWISMS, 2008 WL 4716764, at *5 (E.D. Cal. Oct. 24, 2008) report and recommendation

---

[2] District courts have been inconsistent in interpreting language similar to that in plaintiff's invoices.  Compare Progressive Produce Corp. v. Wild W. Produce, LLC, No. CV 13-00665 RSWL, 2013 WL 1935921, at *2 (C.D. Cal. May 9, 2013) (holding that contractual language similar to plaintiff's governs pre-judgment, but not post-judgment, interest), with Wahluke Produce, Inc. v. Guerra Mktg. Int'l Inc., No. 1:11-CV-1981 LJO-BAM, 2012 WL 1601876, at *5 (E.D. Cal. May 7, 2012) report and recommendation adopted, No. 1:11-CV-1981 LJO-BAM, 2012 WL 2116279 (E.D. Cal. June 11, 2012) (holding that contractual language similar to plaintiff's governs pre-judgment as well as post-judgment interest).

[3] Section 1961 states that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."

[4] The hourly rate used in this calculation ranges from $155.00 for a paralegal to $395.00 for a partnered attorney with 25 years of experience.  ECF No. 12-2 at 4.

adopted, No. 1:08CV01210-AWI-SMS, 2008 WL 5389711 (E.D. Cal. Dec. 24, 2008) (finding that the plaintiff in a PACA claim was entitled to reasonable attorneys' fees at $350.00 per hour); C.H. Robinson Co. v. Marina Produce Co., No. C05-04032 WHA, 2007 WL 39311, at *4 (N.D. Cal. Jan. 4, 2007) (finding reasonable an hourly rate of $250.00 in an action under PACA). Further, plaintiff is entitled to reasonable costs, amounting to $1,395.36.[5] ECF No. 12-2 at 4.

CONCLUSION

In light of the foregoing, THE COURT HEREBY RECOMMENDS that plaintiff's motion for default judgment, ECF No. 12, be granted and it be awarded damages totaling $33,268.60 for the value of the delivered produce, $14,241.86 in attorney's fees and costs, prejudgment interest of $3,597.38 through June 17, 2015, plus $16.40 per day up until the time that judgment is entered, and post-judgment interest calculated at the federal rate pursuant to 28 U.S.C. § 1961.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: June 29, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] This includes a $400.00 filing fee and service of process fees totaling $995.36. ECF No. 12-2 at 4.