UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>A.L.L Groups, Inc., a California corporation d/b/a VIC'S DISCOUNT MARKET and d/b/a VIC'S Market; ASHWANI KUMAR MAYER, an individual,<br><br>    Defendants. | No. 2:15-cv-00234-KJM-AC<br><br><br>ORDER |

I. INTRODUCTION

   On October 27, 2015, Freshko Produce Services, Inc. ("Freshko") notified the court of defendant A.L.L. Groups, Inc.'s ("A.L.L.") bankruptcy filing. ECF No. 19. On October 29, 2015, Freshko notified the court of defendant Ashwani Kumar Mayer's bankruptcy filing. ECF No. 20. Also on October 29, 2015, Freshko filed a unilateral status report based on the court's minute order dated August 24, 2015, ECF No. 21, filing unilaterally rather than jointly because no appearances have been made by A.L.L. and Mayer. *Id.*

   In light of the bankruptcy filings by A.L.L. and Mayer, Freshko requested the court vacate the status conference it had set for November 12, 2015.

1

II.     BACKGROUND

       Plaintiff filed its complaint alleging violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, *et seq.*, breach of contract, breach of fiduciary duty, and unjust enrichment against A.L.L., J&S Partners, Jagjit Singh Saini, Sukhpreet Kaur Saini and Mayer on January 27, 2015.  ECF No. 1.  On January 29, 2015, plaintiff served defendants.  ECF Nos. 5, 6.  On February 18, 2015, plaintiff voluntarily dismissed J&S Partners, Jagjit Singh Saini, and Sukhpreet Kaur Saini as defendants.  ECF No. 7.  On February 27, 2015, plaintiff moved for entry of default to be entered against the remaining defendants.  ECF No. 8.  On March 2, 2015, the clerk of the court then entered default against defendants.  ECF No. 9.  On May 7, 2015, plaintiff moved for default judgment.  ECF No. 12.  On June 29, 2015, the magistrate judge recommended that plaintiff's motion for default judgment be granted.  ECF No. 16 at 8.  On October 29, 2015, plaintiff filed the pending status report.  ECF No. 21.

III.    LEGAL STANDARD

       The filing of a bankruptcy petition under 11 U.S.C. § 301, as here, operates as an automatic stay as to all entities of the "commencement or continuation, including the issuance or employment process, of a judicial, administrative, or other action or proceeding against the debtor that arose before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a).  The policy behind § 362 is to "protect the estate from being depleted by creditors' lawsuits and seizures of property . . . to provide the debtor breathing room to reorganize."  *In re Palmdale Hills Property, LLC.*, 423 B.R. 655, 663 (9th Cir.2009) (citing *In re White,* 186 B.R. 700, 704 (9th Cir.1995)).  Although the scope of the automatic stay is broad, it applies only to proceedings originally brought against the debtor.  *In re Miller*, 397 F.3d 726, 729–30 (9th Cir.2005).

       While the initiation of a bankruptcy proceeding by a debtor can lead to the issuance of an automatic stay, a district court maintains "jurisdiction to determine the applicability of the automatic stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106 (9th Cir. 2005).  Specifically, a district court has jurisdiction to decide whether the Bankruptcy Code's

/////

automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction. 11 U.S.C. § 362.

IV. DISCUSSION

Here, Freshko contends the defendants' bankruptcy petitions triggered the automatic stay set forth in 11 U.S.C. § 362(a). Both bankruptcy filings were filed voluntarily. Thus, the filings fall under 11 U.S.C. § 301. The court finds that 11 U.S.C § 362(a) has been triggered. The automatic stay is applicable to this action.

V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

(1) Freshko shall file a status report within ninety (90) days of this order to advise the court of the status of the bankruptcy filings;

(2) The status conference currently set for November 12, 2015 is VACATED, nunc pro tunc,

(3) This action is STAYED pending further order of the court.

IT IS SO ORDERED.

DATED: November 16, 2015.

_____
UNITED STATES DISTRICT JUDGE